UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-61247-BLOOM
(Case No. 23-cr-60080-BLOOM-1)

TYRONE TILLA JOHNSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255**

**THIS CAUSE** is before the Court on Movant Tyrone Tilla Johnson's *pro se* Motion to Vacate under 28 U.S.C. § 2255. ECF No. [1], which collaterally attacks the convictions and sentences in his underlying criminal case, Case No. 23-cr-60080-BLOOM-1.[1] Respondent United States of America filed a Response in Opposition, ECF No. [5]. Movant has not filed a Reply. The Court has carefully considered the Motion, the Response, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is **DENIED**.

**I.**    **BACKGROUND**

On April 13, 2023, a federal grand jury in the Southern District of Florida charged Movant with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 1), possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). CR ECF No. [13].

---

[1] References to docket entries in Movant's criminal case are denoted with "CR ECF No."

Movant pled guilty to Counts 1 and 2 of the Indictment and the Government agreed to dismiss Count 3. CR ECF No. [38]. On October 6, 2023, Court sentenced Movant to 92 months' imprisonment followed by three years of supervised release. CR ECF No. [43].

On July 5, 2024, Movant timely filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. [1]. The Motion raises a single claim: "Counsel was ineffective for failing to note the legal landscape post-*Bruen* and to further move for dismissal of the [§] 922(g) count as it is supported by an unconstitutional statute and/or the Court should have done so *sua sponte*." ECF No. [1-1] at 2. The Government filed a response, arguing that Movant's claim is without merit. ECF No. [5]. Movant did not file a Reply. The matter is ripe for review.

## II.    LEGAL STANDARD

### A.  Section 2255 Motions

Under section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a) (alterations added). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under section 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "[R]elief under 28 U.S.C. [section] 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other

injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (cleaned up).

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at

690–91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (footnote omitted; quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Nor is counsel required to present every non-frivolous argument. *See Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

## III.    DISCUSSION

Movant argues that his § 922(g)(1) conviction is unconstitutional under the Second Amendment following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).[2] ECF No. [1-1] at 4. He contends that his counsel was thus ineffective for failing to raise this argument prior to his guilty plea. *Id.* at 7. Movant also contends that this Court "should have been aware of *Bruen* and its impact—furthering a *sua sponte* dismissal of the unconstitutional count[.]" *Id*.

Movant's claim is foreclosed by *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024), which rejected a constitutional challenge to § 922(g)(1) under the Second Amendment. In *Dubois*,

---

[2] *Bruen* held that a New York law prohibiting citizens from obtaining a license to carry firearms outside the home without a special permit violated the Second Amendment. 597 U.S. at 10–11.

the defendant argued that *Bruen* invalidated his § 922(g)(1) conviction because it abrogated *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010), which upheld § 922(g)(1)'s constitutionality under the Second Amendment. *Id*. The Eleventh Circuit rejected this challenge, emphasizing that the Supreme Court in *Bruen* "repeatedly described the right [to bear arms] as extending only to 'law-abiding, responsible citizens.'" *Dubois*, 94 F.4th at 1293 (11th Cir. 2024) (quoting *Bruen*, 597 U.S. at 26). The Eleventh Circuit therefore held that "*Bruen* did not abrogate *Rozier*," and "[b]ecause *Rozier* binds [the court], [the defendant's] challenge based on the Second Amendment necessarily fails." *Id*.

Accordingly, Movant's claim that his § 922(g)(1) conviction is unconstitutional is foreclosed by binding Eleventh Circuit precedent. Thus, Movant's attorney was not ineffective for failing to raise this claim. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("it is axiomatic that the failure to raise non-meritorious issues does not constitute ineffective assistance."). Likewise, this Court did not err in failing to raise the issue *sua sponte*.

Lastly, although Movant does not raise this argument as a separate claim, he also appears to challenge the sufficiency of the evidence against him. He claims that he was "the passenger of a vehicle in which the only thing actually taken from his physical possession was a small amount of [narcotics]." ECF No. [1-1] at 7. He further claims that the "the firearm—along with the other controlled substances and such—was found in a common area of the vehicle; the DNA testing was inconclusive as for making a 'positive' match to [Movant]." *Id*. In other words, Movant appears to claim that the evidence against him was insufficient to support his convictions.

Movant's claim is waived by his guilty plea and factual proffer. *See United States v. Viscome*, 144 F.3d 1365, 1370 (11th Cir. 1998) ("[The defendant's] guilty plea waived all non-jurisdictional defects in the proceedings against him; and [his] sufficiency of the evidence

challenge is non-jurisdictional"); *United States v. Christopher*, 250 F. App'x 970, 972 (11th Cir. 2007) ("to the extent [the defendant] challenges the sufficiency of the evidence to support the government's factual proffer, she waived the ability to bring that non-jurisdictional claim by virtue of her knowing and voluntary guilty plea"). In pleading guilty, Movant signed a factual proffer, which stated that the evidence against him was sufficient to prove his guilt as to Counts 1 and 2 in the Indictment. CR ECF No. 37 ¶ 8. Movant does not argue that his guilty plea was not knowing and voluntary. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction" and thus may attack only "the voluntary and knowing nature of the plea."). Accordingly, Movant cannot challenge the sufficiency of the evidence against him.

### IV.   EVIDENTIARY HEARING

Movant is not entitled to an evidentiary hearing because he has not alleged specific facts that, if true, would entitle him to habeas relief. *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, [Petitioner] is not entitled to an evidentiary hearing.").

### V.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Movant's Motion to Vacate Under 28 U.S.C. § 2255, **ECF No. [1]**, is **DENIED**.

2. A certificate of appealability is **DENIED** because Movant has failed to make a substantial showing of the denial of a constitutional right. *See* § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000).

3. The Clerk is directed to **CLOSE** this case and mail a copy of this Order to Movant at the address of record.

Case No. 24-cv-61247-BLOOM

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 10, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record via CM/ECF

Tyrone Tilla Johnson, *PRO SE*
52034-510
Lee-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 305
Jonesville, VA 24263